Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
SNELL & WILMER L.L.P.
1455 SW Broadway, Suite 1750
Portland, OR  97201
Telephone:  503.624.6800
Facsimile:  503.624.6888

David J. Elkanich, OSB No. 992558
delkanich@buchalter.com
BUCHALTER, P.C.
1331 NW Lovejoy St., Ste. 900
Portland, OR  97209
Telephone:  503.226.8646
Facsimile:  503.226.0079

*Attorneys for Plaintiff Terrence P. Bean*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| TERRENCE P. BEAN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>OREGON STATE BAR, a public corporation,<br><br>    Defendant. | Case No. 3:21-cv-01619<br><br>COMPLAINT<br>42 U.S.C. § 1983<br>(Fifth and Sixth Amendments) |

    Terrence P. Bean ("Bean") files this lawsuit in order to seek what he has pursued on behalf of LGBTQ+ people his entire adult life: a level playing field. The Oregon State Bar ("the Bar"), a state agency tasked with protecting clients such as Bean, is running roughshod over Bean's constitutional rights by taking steps to compel Bean's former attorney, who represented Bean in a criminal case that is still pending, to produce confidential information about Bean that the attorney learned in the course of representation. Because this is information to, from, and about Bean, the Bar is seeking to compel speech from him in violation of his Fifth and Sixth

Amendment rights. No person's right to communicate freely with counsel should hinge on whether the Bar decides to investigate that counsel in the future.

The Bar is subject to Oregon's Public Records Law and, if Bean's former lawyer is required to produce documents and information to the Bar, that information will become available to the prosecutor and to the public. Bean is innocent of the criminal charges. In fact, he is a victim of an extortion scheme and of a shoddy investigation by a detective who has been disciplined by his own bureau for anti-LGBTQ+ bias. Even though Bean is confident an impartial jury will render a verdict reflecting his innocence, he cannot abide this unfair and unconstitutional advantage that the prosecutor would gain if the Bar is not enjoined.

Accordingly, Bean respectfully requests that the Court enjoin the Bar from compelling the production of information from Bean's former lawyer until, at the earliest, the conclusion of the pending criminal matters to avoid violating Bean's Fifth and Sixth Amendment rights. Bean recognizes the importance of the Bar's regulatory function. However, given the high risk of prejudice to Bean, the Bar should stay its investigation until the criminal matters conclude.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Terrence P. Bean is a resident of Portland, Oregon. He is president of a real estate investment company and is co-founder of the Human Rights Campaign—the largest national LGBTQ+ rights organization in the United States. He has been a civil rights activist for more than 50 years.

2. Defendant Oregon State Bar (the "Bar") is a public corporation established by the Oregon Legislature in 1935. It is headquartered, and has its corporate nerve center, in Tigard, Oregon. It is an instrumentality of the Oregon Judicial Department and a state actor for purposes of the Fourteenth Amendment.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action is brought pursuant to 42 U.S.C. § 1983 based on violation of Bean's Fifth and Sixth Amendment rights.

4. Venue lies in this Court because the defendant resides in this judicial district, or because a substantial part of the events or omissions giving rise to the claim occurred within this district. 28 U.S.C. §§ 1391(b)(1) and (3).

5. Portland is the proper divisional venue as the acts or omissions occurred within Multnomah or Washington Counties.

## FIRST CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Fifth Amendment)

6. Bean incorporates and realleges the foregoing paragraphs as though set forth herein full.

7. In 2014, the State of Oregon (the "State") charged Bean with third-degree sodomy and third-degree sex abuse, allegedly committed during a one-time encounter with Matteo Gangale (the "2014 Charges"). *See* Lane County Case No. 201423604. Bean, who was 66 years old in 2014, had never before faced a criminal charge. Gangale was part of a scheme to shake down Bean for money.

8. Bean engaged Oregon attorney Derek J. Ashton ("Ashton") to represent him in connection with the 2014 Charges.

9. The State dismissed the 2014 Charges because it was clear the State could not prove the allegations beyond a reasonable doubt. Among other things, Gangale informed the State that he would not show up to testify under oath at trial despite having accepted service of a subpoena.

10. In 2015, after the 2014 Charges were dismissed, Gangale threatened to bring a civil suit against Bean based on the same alleged conduct as in the 2014 Charges. Although baseless, a civil suit would have jeopardized the interests of Bean's real estate business; lenders view pending civil lawsuits as a potential credit risk, which makes financing more expensive or unavailable. Bean consulted with Ashton, his lawyer in connection with the threatened civil matter (as well as the criminal matter). Bean thereafter entered a settlement with Gangale to avoid a lawsuit.

11. At all times with respect to the threatened lawsuit, including during settlement negotiations, Bean relied on Ashton's advice, counsel, and drafting to be competent and lawful—as would any layperson who had hired an attorney.

12. In late 2018, Gangale's father learned that Gangale's attorney, Lori Deveny, had stolen the settlement money meant for Gangale. Gangale's father called the lead detective on the 2014 Charges to tell him that Gangale now wanted to help prosecute so that he could receive his settlement money. Gangale also called Ashton to request more money (Ashton declined).

13. The State used Deveny's theft of the settlement funds, and the carrot of a second chance at a significant civil recovery for Gangale, as an opportunity to prosecute Bean again for the same conduct alleged in the 2014 Charges. Indeed, Gangale told the detective during a recorded interview that he would not have returned to the prosecution if he had received the settlement money that Deveny stole. By referring Gangale immediately to civil attorneys to sue Bean, the State secured Gangale's participation in its revived prosecution.

14. In January 2019, the State filed a new criminal case against Bean, still baselessly, alleging the same charges as in 2014. The charges are pending in Lane County Circuit Court, Case No. 19CR00847 (the "Criminal Case"), although the sex abuse charge was dismissed in 2020.

15. Bean again engaged Ashton to represent him in the Criminal Case.

16. In March 2019, Gangale made good on his earlier threat to bring a civil suit by suing for $6,200,000. *See* D. Or. Case No. 3:19-cv-325-HZ.

17. In the Summer of 2019, the State charged Ashton and Bean with purported computer crime related to the 2015 settlement with Gangale. *See* Lane County Circuit Court Case No. 19CR71037.

18. The Bar then initiated an investigation into Ashton's conduct related to the computer crime charge against him and his representation of Bean. At the time, the Bar agreed to stay its investigation so that Ashton could preserve his Fifth Amendment right against self-incrimination in that matter.

19. In May 2021, as part of a plea deal to resolve the computer crime charge, Ashton admitted to contempt of court in exchange for dismissal of the then-pending computer crime charge against him only. In relation to the contempt, Ashton admitted to having engaged in an "isolated act of negligence." He also admitted that he "willfully resisted the court's authority *** by negligently drafting a civil settlement agreement after the dismissal of a criminal case."

20. The computer crime charge against Bean remains pending, as does the Criminal Case.

21. The Bar takes the position that it can require Ashton to share information learned in the course of representing Bean because, in the Bar's opinion, the information requested is not protected by the attorney-client privilege or the attorney work-product doctrine. The Bar, however, still seeks information learned in the course of Ashton's representation of Bean, which Bean has the right to keep confidential pursuant to RPC 1.6. Moreover, any responses the Bar requires of Ashton—whether in the form of written requests or through live testimony—necessarily are informed by Ashton's mental impressions formed from his representation of Bean.

22. As a state agency for purposes of the Fourteenth Amendment, the Bar's attempt to compel information from, and about, Bean through his former attorney, while another state agency's criminal charges are pending against Bean, violates Bean's rights under the Fifth Amendment as incorporated against the states through the Fourteenth Amendment. This is so irrespective of whether the information the Bar seeks to compel is privileged or confidential.

23. Bean will suffer irreparable harm absent injunctive relief. Once information is revealed to the Bar, it becomes available to the prosecutor and part of the public record. No precedents indicate that a protective order, or exemption under the Public Records Law, would keep information out of the hands of the Lane County District Attorney—another state agency.

24. For these reasons, the Court should issue an injunction requiring the Bar either to stay its investigation into Ashton until the Criminal Case and computer crime charge against

Bean are resolved, or to cease the attempt to compel Ashton to turn over information learned in the course of his representation of Bean.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983 – Sixth Amendment)

25. Bean incorporates and realleges paragraphs 1 through 21 as though set forth here in full.

26. The Sixth Amendment guarantees Bean the right to be represented by counsel at all stages of a criminal proceeding.

27. The Bar's attempt to compel Ashton to reveal confidential information about his representation of Bean violates Bean's right to be represented by counsel who will maintain confidences during the representation—especially where the compelled speech relates to a criminal case that is currently pending, and one in which the lawyer and the client were both charged. No person's right to communicate freely with counsel should hinge on whether the Bar decides to investigate that counsel in the future.

28. Bean will suffer irreparable harm absent injunctive relief. Once information is revealed to the Bar, it becomes available to the prosecutor and part of the public record. No precedents indicate that a protective order, or exemption under the Public Records Law, would keep information out of the hands of the Lane County District Attorney—another state agency—and it is not necessarily the case that such information would qualify for the confidentiality exception to Oregon's Public Records Law.

29. For these reasons, the Court should issue an injunction requiring the Bar either to stay its investigation into Ashton until the Criminal Case and computer crime charge against Bean are resolved, or to cease the attempt to compel Ashton to turn over information learned in the course of his representation of Bean.

WHEREFORE, Terrence P. Bean requests the following relief:

    A.    A preliminary and permanent injunction requiring the Oregon State Bar either to stay its investigation into Derek Ashton until the Criminal Case

        and computer crime charge against Bean are resolved, or to cease attempting to compel Ashton to turn over information learned in the course of his representation of Bean until the Criminal Case and computer crime charge against Bean are resolved;

    B.    Reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988; and

    C.    Such other and further relief as the Court deems necessary and just.

DATED this 5th day of November, 2021.

        SNELL & WILMER L.L.P.

        s/ Clifford S. Davidson
        Clifford S. Davidson, OSB No. 125378

        BUCHALTER, P.C.

        s/ David J. Elkanich
        David J. Elkanich, OSB No. 992558

        *Attorneys for Plaintiff Terrence P. Bean*

4888-3731-5074